ZIGICH v. TUOLUMNE COPPER MINING CO. et al.

CRNICH v. SAME.

(District Court, D. Montana. October 24, 1919.)

Nos. 295, 296.

1. REMOVAL OF CAUSES ⬦⟾36—REMAND WHEN JOINDER NOT FRAUDULENT.

Where, on motion to remand a case begun in state court against a resident and nonresident, and removed by the latter to the federal court, plaintiff makes it appear that on reasonable grounds he believed in good faith that the defendants were jointly liable to him, the cause will be remanded, for the joinder is not fraudulent, however the truth may turn out to be.

2. REMOVAL OF CAUSES ⬦⟾107(7)—AFFIDAVITS ON MOTION FOR REMAND STATING MERE CONCLUSIONS.

Where an action begun against a resident and a nonresident defendant was removed to the federal courts by the nonresident defendant, affidavits on motion for remand that plaintiff had reasonable grounds to believe that defendants were jointly liable to him are insufficient to warrant remanding of the cause, where there was nothing but a mere statement of the conclusion, or a statement that the belief was based on information asserted to have been obtained from unnamed persons.

3. REMOVAL OF CAUSES ⬦⟾107(7)—MOTION FOR REMAND DENIED FOR WANT OF GOOD FAITH.

On motion by plaintiff to remand to the state court an action removed from that tribunal on the ground that the joinder of a resident with a nonresident defendant was fraudulent, *held*, that remand must be denied; the affidavits offered by plaintiff being insufficient to show that joinder was in good faith.

At Law. Action by Steve Zigich, an infant, by his guardian ad litem, Philip Zigich, against the Tuolumne Copper Mining Company, a corporation, and another, begun in state court and removed to the federal court, together with an action by Mary Crnich, an infant, by her guardian ad litem, Anton Crnich, against the same defendants, also begun in the state court and removed to the federal court. On motions to remand. Motions denied.

H. J. Freebourn and J. O. Davies, both of Butte, Mont., for plaintiffs.

Kremer, Sanders & Kremer, of Butte, Mont., for defendants.

---

⬦⟾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

BOURQUIN, District Judge. These are familiar cases of removal hither on allegations of diverse citizenship, separable controversy, and fraudulent joinder, and motions to remand.

So long as 8 of 12 jurors may render verdicts in state courts, and 12 of 12 are necessary in federal courts, plaintiffs will strive to retain causes in the former courts and defendants to remove them to the latter; and so long as the facts will warrant their efforts, not only is it their right to thus choose the forum, but it is ordinarily also the duty of attorneys to their clients. Incidentally, this anomalous situation, a heavy handicap upon plaintiffs in federal courts, excites resentment against said courts.

The complaints herein allege that the wards were injured by dynamite caps by them procured from a shed owned by defendant company and in charge of its employé, defendant Graham, exposed to the wards' access by defendants' concurrent negligence. Fraudulent joinder is alleged, in that Graham was but a surface employé to load and unload cars at the company's mine plant, and had no charge of the shed, and that plaintiffs had no reasonable grounds to believe otherwise.

Pretermitting questions of procedure, the evidence for defendant consists of affidavits by its president, its general manager, and Graham, in substance that he was such employé only, without care, charge, or custody of the shed or its contents.

The evidence for plaintiffs is three affidavits by their counsel and one by one Noal. Those of counsel in substance are that prior to suits commenced, he visited the company's mine plant, and amongst other buildings saw a shed with open door and dynamite caps and fuse within; that Graham approached, and of him affiant asked, "Who makes up the primers here?" Graham answering, "The miners make up their own;" that affiant further asked, "Where do they get their caps and fuse?" Graham answering, "I keep them supplied;" that affiant further asked, "Do you keep any blasting caps in this shed?" Graham answering, "No;" that thereupon affiant showed Graham the caps and fuse in the shed. Graham said, "We always keep this door locked." Affiant said, "It is not locked now." Graham became angry, locked the door, and said affiant would "have to get away from there;" that persons there employed and others, none of whom he names, informed affiant that Graham, while surface laborer at the mine, also performed the duties of storekeeper, in that he received, checked, and receipted for caps, fuse, and other supplies, opened, closed, and locked that shed, sometimes made primers for the miners, and on occasions acted as watchman; that affiant had reasonable grounds to believe and does believe the allegations of the complaint are true, that defendants are jointly liable herein, and that he intends to prosecute the actions to judgments against both defendants. Noal's affidavit is to the conversation between counsel and Graham.

[1] The settled rule is that, if plaintiff upon reasonable grounds in good faith believes that defendants are jointly liable to him, and properly makes it so appear on motion to remand, his joinder of defendants is not fraudulent, however the truth turns out to be, and remand will be granted.

[2, 3] It is not enough, however, that plaintiff alleges he so believes upon reasonable grounds, mere conclusions, but he must duly set out the grounds, that the court may determine whether or not they are reasonable and sufficient upon which to base a belief of joint liability. Herein plaintiffs affidavits are insufficient. In so far as they count upon information from unnamed persons, the rule applies that they will receive no consideration. ·

What counsel saw at the plant and his conversation with Graham (1) do not identify the shed counsel saw with the shed wherein the wards secured the caps; (2) are consistent with Graham's employment as a mere laborer, without care, custody, or charge of the shed and caps, which appears by otherwise undisputed evidence, and so are not sufficient to furnish reasonable grounds for plaintiffs' belief that Graham had charge and control of the shed, neglected his duty in respect thereto, and with the company is jointly liable to plaintiffs.

Obviously counsel was seeking information to warrant joinder of some local citizen with the nonlocal company. Therein is no fault, but he was too willing to halt inquiry which easily might have gone further; too willing to rely on indirection where direction might have been found out; too willing to leave ambiguous a situation that a few direct inquiries might have made definite; too willing to seize upon slight circumstances for inferences favorable to the joinder desired; too willing to be persuaded he had reasonable grounds to believe joinder authorized.

In the circumstances these cases are within the rule of Wecker's Case, 204 U. S. 185, 27 Sup. Ct. 184, 51 L. Ed. 430, 9 Ann. Cas. 757. The joinder is fraudulent, within the law of removal, defendant company cannot thus be deprived of its right to trials in this court, and remand is denied.